```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Patricia Metzler,              :

        Plaintiff,     :  Case No. 2:16-cv-106

  v.                           :  CHIEF JUDGE EDMUND A. SARGUS, JR.

Michael Ferguson, et al.,      :  Magistrate Judge Kemp

        Defendants.    :

## REPORT AND RECOMMENDATION

Plaintiff, Patricia Metzler, filed this action against Michael Ferguson, a private attorney, Judge David Gormley, a judge of the Delaware County, Ohio, Court of Common Pleas, and the clerk of that court. Ms. Metzler has moved for leave to proceed *in forma pauperis* (Doc. 1), and the Court grants that request. The case is now before the Court to conduct an initial screening under 28 U.S.C. §1915(e)(2). For the following reasons, it will be recommended that the complaint be dismissed for failure to state a claim upon which relief can be granted.

### I. Legal Standard

28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to

immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U. S. 544, 570 (2007). *Pro se* complaints are to be construed liberally in favor of the *pro se* party. Haines v. Kerner, 404 U.S. 519 (1972). The complaint will be evaluated under these standards.

## II. Discussion

### A. The Facts

Here are the facts pleaded in Ms. Metzler's complaint, which the Court must assume to be true for purposes of deciding whether she has stated a claim which can properly be heard by this federal court.

Ms. Metzler was involved in litigation in the Delaware County Common Pleas Court for four years. On October 19, 2015, that court entered judgment in her favor in the amount of $17,000.00. She attempted to have the judgment enforced by paying a $200.00 fee to the clerk of courts' office, but the fee was eventually returned to her and the judgment was not enforced.

Ms. Metzler was summoned to court on January 4, 2016, to attend a status conference which had been requested by Michael Ferguson, an attorney representing the other party to the case. Her father-in-law had died that day, and although she told Judge Gormley about that, he refused to vacate the conference. She did not get any money that day and, in fact, there was some discussion (which she did not understand) about the amount of the judgment being only $12,000.00 and about an interpleader action

-2-

being filed.  Ms. Metzler claims that all of these actions, taken together, have violated her due process right to collect on her judgment.  She seeks an order from this Court which would prohibit Mr. Ferguson and the Delaware County Court from taking further actions to prevent her from collecting on her judgment, including permitting an interpleader action to be filed or reducing the amount of the judgment.

There are documents attached to the complaint which shed some further light on the Delaware County proceedings.  The defendant in the Delaware County case was Justin Murray.  His insurance adjuster discussed settlement of the case with Plaintiff's counsel, Ronald Plymale, in August, 2015, and Mr. Plymale accepted an offer of $17,000.00 to resolve the case.  Plaintiff subsequently claimed that Mr. Plymale was not authorized to do so, but Judge Gormley disagreed and granted a motion to enforce the settlement agreement.  It was that order which resulted in the $17,000.00 judgment being entered.  The insurer sent Mr. Plymale a check for $12,000.00, which he apparently forwarded to Ms. Metzler, but she wrote to Judge Gormley asking him to ask Mr. Ferguson to stop payment on that check and to issue a new check for the full $17,000.00.  Lastly, Ms. Metzler attached a transcript of the hearing on the motion to enforce the settlement agreement which indicates that there were some subrogated medical bills which would have to be paid from the proceeds of the settlement, and that Mr. Plymale was also expecting to get paid for his legal services, although he explained that he had cut his fee substantially in order to make the settlement work.

B.  <u>The Law</u>

Ms. Metzler has brought her claim under 42 U.S.C. §1983 and the United States Constitution.  That is the proper way to assert claims against state officials who allegedly have violated a

citizen's constitutional rights.  However, private citizens, as Mr. Ferguson would appear to be, cannot ordinarily be sued under that statute.

> This Court has explained the concept this way:
>
> Section 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). That section authorizes "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999). To be successful on such a claim under § 1983, however, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a *person acting under the color of state law."* West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (emphasis supplied).

Miller v. Countrywide Home Loans, 747 F.Supp. 2d 947, 953-54 (S.D. Ohio 2010).  As Judge Sargus (now Chief Judge Sargus) also pointed out in the Miller decision, "in general, neither litigants nor their counsel are 'state actors' for purposes of stating a viable § 1983 claim merely because they are making use of the state's courts and/or its laws."  Id. at 954.  Consequently, Mr. Ferguson, who is not a state official, may not be sued under §1983.

Turning to the other two defendants, Judge Gormley and the Clerk of the Delaware County Common Pleas Court are both state officials, and they can be sued under §1983.  But not every action taken by a state official can be reviewed by a federal court.  That is especially true for state judges and other people associated with the state court system.

The court systems in the United States are set up so that if

-4-

a matter is litigated in a state court, and one of the litigants is not happy with the result, that litigant must pursue his or her claim of error by appealing within the state court system. If a federal constitutional violation allegedly occurs during the state court proceeding, the way to address that is by asking the next highest state court to fix the problem.  Eventually, if all of the state courts deny relief, the litigant can ask the United States Supreme Court, which hears appeals from the highest state courts, to take the case and resolve the constitutional issue.  A federal district court, like this one, is not involved in that process.  Another way of saying this is that federal trial courts have no jurisdiction (or power) to correct errors, even federal constitutional errors, which might have occurred during the course of a state court case.

    The United States Supreme Court has consistently affirmed this principle.  In its decision in <u>Exxon Mobil Corp. v. Saudi Basic Industries Corp.</u>, 544 U.S. 280 (2005), that court reviewed the history of this rule, which is known as the <u>Rooker-Feldman</u> doctrine (named after two prior Supreme Court cases with those names and involving this issue).  The Supreme Court explained that certain types of matters, which it described as "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments," cannot be heard by a federal district court.  <u>Id</u>. at 284.  That is because a federal statute, 28 U.S.C. §1257, gives the United States Supreme Court exclusive jurisdiction to hear such cases, and to do so only after the case has run its course through the state court system. Consequently, this Court simply may not review any actions taken by Judge Gormley in the Delaware County case which led up to the entry of the judgment; there is no federal statute that would allow it to

do so.

However, at least part of Ms. Metzler's complaint seems to be asking this Court to enjoin Judge Gormley, and perhaps the Clerk of Courts, from taking additional actions in the future, which might interfere with Ms. Metzler's attempts to collect on her judgment. Those claims are not barred by the Rooker-Feldman doctrine because they would not involve this Court's review of an action already taken in the state court case, but ask for this Court to make a decision about whether some not-yet-taken action might violate Ms. Metzler's rights. See Shafizadeh v. Bowles, 476 Fed. Appx. 71 (6th Cir. April 6, 2012). Unfortunately for Ms. Metzler, this Court cannot issue that type of order, either.

For the most part, federal courts are not permitted to enter orders which would interfere with the course of proceedings in a state court. The States are, under the federal constitutional system, separate sovereign entities, and they are entitled to conduct their governmental affairs without unnecessary interference from the federal government, including the federal courts. In recognition of that fact, the Supreme Court has developed a number of rules (known as "abstention doctrines," because they tell a federal court when it should abstain from deciding a case brought before it) to protect the States' interests.

As it relates to Ms. Metzler's claims, the Supreme Court has recognized that the States have an interest in the process by which state court judgments have been obtained and how they are enforced, which the Supreme Court has described as "the importance to the States of enforcing the orders and judgments of their courts." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 13 (1987). In that case, the Supreme Court made it clear that a federal court should not enter an injunction which would affect a state court's processes for enforcing its judgment, and that a

case seeking such relief must be dismissed.  Part of the Court's reasoning was, of course, that the state courts give litigants the opportunity to raise their federal constitutional claims within the state court system, and as long as that opportunity exists, the state courts should be permitted to address and correct their own errors (if they have made any).  Since Ohio would allow Ms. Metzler to bring any or all of her claims for constitutional violations to the attention of the state courts - for example, by way of an appeal or a petition for a writ of mandamus or prohibition - that is the proper process for her to follow, and federal court is simply not an option for her.

The Court does note that these rules about the relationship between the federal and state court systems are somewhat complicated and that, at times, they are difficult even for attorneys to understand and follow.  But they are the rules, and they have to be applied to all cases, whether the parties are represented by attorneys or are proceeding on their own.  See, e.g., McKinnie v. Roadway Express, Inc., 41 F.3d 554, 558 (6th Cir. 2003)("[o]rdinary civil litigants proceeding *pro se* ... are not entitled to special treatment").

Finally, the Court notes that Ms. Metzler does not appear to be asking for an award of money damages against either Judge Gormley or the Clerk of Courts.  Had she done so, that would be improper as well.  Judges and other members of the court system are immune from suit under §1983 for actions taken within the scope of their jurisdiction (or even arguably so), see Stump v. Sparkman, 435 U.S. 349 (1978); King v. Love, 766 F.2d 962 (6th Cir. 1985), and all of the actions described in Ms. Metzler's complaint relate to actions taken by those defendants in their capacities as judge and clerk.  Consequently, there is no claim set forth in the complaint upon which this Court might grant relief, and the complaint should therefore be dismissed.

III. <u>Recommendation</u>

For all of the reasons stated above, it is recommended that this case be dismissed under 28 U.S.C. §1915(e)(2)for failure to state a claim upon which relief can be granted.

IV. <u>Procedure on Objections</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge